Sohngen, J.
 

 The first question presented by appellants for consideration by this court is whether the proposed operations of Lake Shore Cartage, Inc., and The Andrews Transfer Company are those of a “motor transportation company” or “common carrier by motor vehicle’’ as defined by Section 614-84 (a), Gen
 
 *250
 
 era! Code. The appellants’ contention is that such operations are not, and that the New York Central Railroad Company and the Baltimore & Ohio Railroad Company are the actual applicants for the certificates.
 

 An examination of the records shows that both Lake Shore Cartage, Inc., and The- Andrews Transfer Company are corporate entities which have entered into contracts with the respective railroad companies to perform the services for which the certificates of public convenience and necessity were issued. Those contracts provide that the applicants are not in any way the agents of the railroads; and that the applicants arc responsible for the freight, when it is in their charge, and for any injury to the person or property of their employees or third persons, which may arise in the performance of those contracts.
 

 This court has recently decided the case of
 
 Cleveland, Columbus & Cincinnati Highway, Inc., v. Public Utilities Commission,
 
 144 Ohio St., 557, 60 N. E. (2d), 166, wherein this issue was before this court. There, too, a substitute motor-carrier service was proposed, under a contract with the Pennsylvania Railroad Company very similar to the contracts before us now. The Pennsylvania Railroad Company there owned the capital stock of the applicant company and the applicant company performed the service under a contract with the Pennsylvania Railroad Company.
 

 In the cases here under consideration, the records do not disclose that either railroad company owned any of the capital stock of the respective applicant company.
 

 In the
 
 Cleveland, Columbus & Cincinnati Highway, Inc., case,
 
 this court, Chief Justice Weygandt having written the opinion, in holding that the applicant was a “motor transportation company” and affirming the order of the Public Utilities Commission granting a
 
 *251
 
 certificate of public convenience and necessity to the applicant company, said at page 562:
 

 “Thus it is apparent that this new statute [Section 8746-1, General Code] has expressly authorized a railroad company to do the things that have been done by the Pennsylvania Railroad Company, namely, own capital stock of a motor transportation company and enter into a working arrangement and agreement with such corporation; and there is nothing in the statute to indicate an intention on the part of the General Assembly to the effect that under such circumstances the railroad necessarily becomes a motor transportation company or that the contracting motor transportation company thereby loses its character as a common carrier, as contended by the appellants. It, of course, is true that the motor transportation company is hauling for the railroad, but the fact remains that at the same time it is engaged in public transportation also. The freight transported is the property of neither the railroad company nor the motor transportation company but,belongs to members of the public by whom it is taken to one of the enumerated stations to be hauled to another.”
 

 The protestants contend that the records do not show public convenience and necessity for the proposed services. In both cases testimony of shippers and railroad officials shows that at least two or three days wall be saved in the shipment of less than carload lots; that the services will release railroad equipment for other uses; and that operating economies will be afforded to the railroads. In the opinion of this court, the commission had adequate evidence warranting'the granting of the certificates of public convenience and' necessity.
 

 Protestants contend that it was error for the commission not to give them sixty-day notices to furnish
 
 *252
 
 the proposed services. Here we have proposed services which are specialized knd different from existing services. This court has held many times that, where such a service is proposed, a certificate of public convenience and necessity may be granted without first affording existing transportation companies an opportunity to provide such service.
 
 Cleveland, Columbus & Cincinnati Highway, Inc.,
 
 v.
 
 Public Utilities Commission, supra.
 

 The records do not show that the protesting motor transportation companies will be injured by the granting of the limited certificates. The freight which the applicants will transport is. now moving by rail and will continue to move on railroad bills of lading; it is not freight which is being handled by the protestants, so nothing is being taken away from them.
 

 Under the facts as disclosed by the records, it is our opinion that all the questions raised by protestants in these cases have been determined in
 
 Cleveland, Columbus & Cincinnati Highway, Inc.,
 
 v.
 
 Public Utilities Commission, supra,
 
 and it is our conclusion that the orders of the Public Utilities Commission are neither unreasonable nor unlawful and must be and are hereby affirmed.
 

 Orders affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman and Stewart, JJ., concur.
 

 Turner, J., not participating.