FRANK CARTAGE DIVISION, TRUCKWAY SERVICE, INC.,
APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO ET AL.,
APPELLEES.

(No. 76-244—Decided December 15, 1976.)

*Messrs. Sliverson & Alden* and *Mr. John L. Alden,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Kevin F. Duffy* and *Mr. Charles S. Rawlings,* for appellee.

*Messrs. Muldoon, Pemberton & Ferris, Mr. David L. Pemberton,* and *Mr. Jerry B. Sellman,* for appellee intervenor.

*Per Curiam.* Appellant claims that the commission's order is unreasonable and unlawful because no inadequacy in the present carrier service had been shown or stated in the commission's order; that the commission should have granted a "60-day order," pursuant to R. C. 4921.10 and 4921.12, before granting the new certificate; and that the applicant is an improper party to receive a certificate from the commission. The facts and legal issues thus presented are virtually identical to those in *D. G. & U. Truck Lines, Inc.,* v. *Pub. Util. Comm.* (1965), 4 Ohio St. 2d 113, 212 N. E. 2d 796, and the principles stated therein require that the order of the commission herein be affirmed.

In the instant case, seven local shippers testified that they occasionally needed the sort of emergency, express service which the applicant already provided without need of a certificate within the Toledo commercial area, and that their customers were willing to pay the higher rate for such service in order to get immediate delivery when time was of the essence. This might be the case when a plant or construction project would be shut down for want of a part which only the shipper could supply. The shippers also testified that no local carrier had offered this service to them. The record indicated that such service was still not offered even after the first of the two hearings on the application. This was evidence from which the commission could reasonably find a need for the specialized service proposed in the application and that such need was not met by existing carriers. In *D. G. & U., supra,* the court stated in paragraph three of the syllabus:

"Where there is evidence to support a finding of the

Public Utilities Commission that there is a need for a certain specialized transportation service that present facilities do not provide, this court will not substitute its judgment for that of the commission.''

The claim that the commission should have granted a 60-day letter to permit appellant an opportunity to provide the proposed service was also decided in *D. G. & U., supra,* which involved the same type of specialized service as that proposed herein. Paragraph four of the syllabus in *D. G. & U.* states:

''Where public convenience and necessity demand a specialized type of motor transportation service of a kind and character different from that afforded by motor transportation facilities already operating under certificates over the same routes, a certificate of public convenience and necessity may issue to an applicant whose transportation service will be limited to such specialized service, without first affording such other motor transportation companies an opportunity to furnish such specialized and limited service. (Section 4921.12, Revised Code, construed.)''

See, also, *B. & N. Transportation* v. *Pub. Util. Comm.* (1950), 153 Ohio St. 441, 92 N. E. 2d 265; *Norwalk Truck Line Co.* v. *Pub. Util. Comm.* (1947), 148 Ohio St. 247, 74 N. E. 2d 328; *Cleveland, Columbus & Cincinnati Highway* v. *Pub. Util. Comm.* (1945), 144 Ohio St. 557, 60 N. E. 2d 166; *H. & K. Motor Transportation* v. *Pub. Util. Comm.* (1939), 135 Ohio St. 145, 19 N. E. 2d 956.

Finally, the only evidence presented to suggest that the applicant herein was not a proper party to receive a certificate was that the applicant had improperly made pickups and deliveries at the Toledo Express Airport and at a Chrysler plant near Perrysburg, Ohio. The airport operations were improper even though the airport was within the Toledo municipal area, because they involved interstate commerce. The applicant discontinued those operations when this impropriety was pointed out by the Interstate Commerce Commission. At the initial hearing on this application, it was also adduced that even though

the Chrysler plant had a Perrysburg address, it was outside the municipal limits of Perrysburg, and therefore outside the local Toledo area which the applicant could serve. In both these instances, the record shows that the applicant made a good-faith effort to comply with the law, and it appears that the violations were inadvertant, and neither willful nor flagrant. These violations did not *per se* warrant a denial of the application, and it was within the discretion of the commission to grant the certificate despite this evidence. See *D. G. & U., supra.*

The order of the commission was neither unreasonable nor unlawful, and it is accordingly affirmed.

*Order affirmed.*

O'NEILL, C. J., STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

HERBERT and CORRIGAN, JJ., dissent.